IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERDINAND RICHARD BALCAR,

    Petitioner,                                      No. CIV S-11-0669 KJM DAD P

    vs.

RICHARD B. IVES,

    Respondent.                               FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a federal prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the court is respondent's motion to dismiss the petition.

**BACKGROUND**

        Petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therein, petitioner alleges that he was convicted of four counts of bank robbery with a weapon in 1997 in the U.S. District Court for the District of Nevada, Las Vegas Division. He asserts the following three claims for relief: (1) he did not receive effective assistance of counsel; (2) he is actually innocent of the charges for which he was convicted and his mandatory sentence must be vacated; and (3) his prior convictions should not have qualified to trigger a mandatory life sentence. (Pet. at 5-14.)

1

**RESPONDENT'S MOTION TO DISMISS**

I. <u>Respondent's Motion</u>

Respondent moves to dismiss the pending petition on the grounds that the court lacks jurisdiction to hear petitioner's claims. Specifically, respondent argues that petitioner is clearly challenging his underlying conviction, not the execution of his sentence, and therefore only the sentencing court has jurisdiction to hear his claims. In fact, respondent notes that petitioner filed a petition in the United States District Court for the District of Nevada, where he was sentenced, that was identical to the petition pending in this case. The U.S. District Court for the District of Nevada construed the petition as a § 2255 motion and denied it. Respondent also argues that petitioner's claims here are utterly lacking in merit and that petitioner has failed to carry his burden of showing that any remedy available to him pursuant to § 2255 is inadequate or ineffective so as to allow him to pass through the "savings clause" or "escape hatch" of 28 U.S.C. § 2255. Finally, respondent argues that the court should declare petitioner a vexatious litigant. (Resp't's Mot. to Dismiss at 5, 9-24.)

II. <u>Petitioner's Opposition</u>

In opposition to respondent's motion to dismiss, petitioner argues that he had to file his petition in the District Court of Nevada first because this court is known for transferring petitions to the district of a petitioner's conviction. Petitioner also reiterates that his claims presented here have merit and new federal case law requires this court to issue a writ in his favor. Finally, petitioner argues that he is not a vexatious litigant simply because he is challenging his life sentence, which rests on "the most arbitrary statute in the federal code." (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-4.)

**ANALYSIS**

I. <u>The Court Lacks Jurisdiction</u>

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2225 before proceeding to

any other issue." See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Here, although petitioner filed the instant petition pursuant to § 2241 and labeled it a petition for writ of error coram nobis and/or audita querela, he is clearly attempting to challenge the legality of his conviction. Generally, a federal prisoner contesting the legality of his conviction or sentence must file a motion pursuant to 28 U.S.C. § 2255 in his sentencing court, which in this case would be the U.S. District Court for the District of Nevada. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (same).

However, § 2255 contains a "savings clause" or "escape hatch" that provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>. (emphasis added)

28 U.S.C. § 2255(e).

Thus, a prisoner may invoke a court's jurisdiction under § 2241 if he can show that the remedy provided under § 2255 is "inadequate or ineffective" to test his incarceration. See Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012); Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011). This exception, however, is a narrow one. For example, § 2241 is not available to a petitioner simply because a court of appeals refuses to certify a second or successive petition under the provisions of § 2255. See Ivy, 328 F.3d at 1059. Rather, a petitioner may only proceed under § 2241 if he claims to be: "(1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

In this case, petitioner has failed to demonstrate that the remedy provided under § 2255 is "inadequate or ineffective." Although petitioner asserts a claim of actual innocence,

3

petitioner does not claim that he was denied a reasonable opportunity to present such a claim to his sentencing court.  In determining whether petitioner had an "unobstructed procedural shot" to pursue any actual innocence claim, this court must consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed in any way relevant to petitioner's claims after that first § 2255 motion."  Alaimalo, 645 F.3d at 1047 (quoting Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008)) (internal quotation marks omitted).  The Ninth Circuit has made clear that "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060.

Here, petitioner cannot plausibly claim that he has not had an "unobstructed procedural shot" to pursue his actual innocence claim.  As counsel for respondent observes, petitioner previously filed an identical petition to that pending in this action in the U.S. District Court for the District of Nevada.  That court construed his petition as a § 2255 motion and denied it.  See Case No. 2:96-cr-0046 PMP LRL (D. Nev.) (Order Filed Feb. 9, 2011).  Thus, petitioner has had an unobstructed opportunity to raise his claims before the sentencing court.  Accordingly, this court concludes that because petitioner has failed to show that § 2255 provides an "inadequate or ineffective" remedy, he is not entitled to invoke this court's jurisdiction under 28 U.S.C. § 2241.

II.  The Petition Should Be Dismissed

The U.S. District Court for the District of Nevada, as his sentencing court, has jurisdiction to hear any § 2255 motion brought by petitioner.  However, the interests of justice would not be served by transferring this action to that court under the circumstances presented. See 28 U.S.C. § 1631; see also Hernandez, 204 F.3d at 865, n.6 (28 U.S.C. § 1631 allows transfer of § 2255 motion to cure want of jurisdiction).  As noted above, that court has already reviewed and rejected an identical petition to the one pending before the court.  In addition, the

4

1 U.S. District Court for the District of Nevada would lack jurisdiction over yet another § 2255 motion because petitioner would first be required to obtain authorization from the Ninth Circuit to file a "second or successive" § 2255 motion in any event. See 28 U.S.C. § 2255(h).

For all of the foregoing reasons, the court concludes that petitioner's § 2241 petition, construed as a § 2255 motion, should be dismissed.[1]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 17) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 14, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
balc0669.157

---

[1] The undersigned declines to recommend that petitioner be declared a vexatious litigant at this time. However, were petitioner to continue to file petitions with this court over which the court lacks jurisdiction, such a finding may become appropriate.